Caruthers, J.,
delivered tbe opinion of tbe Court.
This was an action for a malicious prosecution, in wbicb a recovery of $700 damages was- bad against *110 Armstrong, and a new trial refused. The warrant taken out by Armstrong was against William Grogan, the plaintiff below, and “ Nathan Stephens,” and charged, that they “did steal and kill a lot of hogs belonging to said Armstrong,” &c., in the usual form of State warrants for larceny. The declaration charges that the warrant and prosecution was against the plaintiff and one “ John N. Stephens.” When this warrant was offered as evidence,, an objection which was overruled by the Court was made,, in these words, “ defendant objected to the reading of the warrant,” but did not state the ground of his objection.
The first ground assumed for a reversal is, that the Court erred, in permitting the warrant to be read because of the variance between it and the declaration, as to the name of Stephens ; in the warrant, he is called Nathan, and in the declaration, John N. In analogy to the rules established in’ relation to objections, to depositions, protests, and notices, or bills, or notes, and some other cases, it might perhaps be held that this objection could not be entertained, because the particular ground of objection is not stated.
The reason applied in those cases, viz.: that the defect could be cured, if specified, would certainly extend with all its force, to this case; for if a variance was the ground of objection, the plaintiff could at once have amended his declaration, so as to have made it conform to the warrant. But, independent of that objection, it cannot avail. The variance is immaterial. It is only necessary to state the substance of the charge in the warrant, for which the prosecution was instituted. If the warrant charge a suspicion of felony, and the decía- *111 ration allege that a felony was imputed, the variance is immaterial.
It may also he remarked that the question is made here in its weakest form, as there was no demurrer, and' there, is a verdict against the defendant.
The declaration would have been good, if it had only averred that the defendant, on a certain day, instituted a prosecution, on a charge of the crime of larceny, without reference to the fact that Stephens was connected with him, on the charge. 1 Stark, on Slander, 449. The charge of felony is distinct against each person included in the warrant, and either could maintain an action, without reference to the other in his declaration, and such reference would only he surplusage. The action is not based upon the warrant, but the prosecution.
The question in the action of Grogan was, whether he had been maliciously, and without probable cause, charged and prosecuted for larceny. No mistake as to the name of any one joined with him in the accusation, could in any way affect that charge.
This discrepancy then between the warrant and declaration as to the name of Stephens, was not in any way material, on the question of the admissibility of the warrant in the action of Grogan.
Another variance is noticed in the argument. The declaration states that the charge was for “feloniously taking, stealing, and conveying away a lot of hogs,” &c., while in' the warrant the charge is, “ did steal and kill a lot of hogs,” &c. This is not a fatal variance; the word “steal” imports the charge of larceny, and so the difference in the words is not material.
*112 This objection like the other, is too technical for the present liberal administration of the law upon the merits of cases, unembarrassed by useless forms and unsubstantial objections.
2. The defendant proposed to prove what he said “at the time he was sworn to the warrant.”
He cannot be allowed thus to make evidence for himself. If such statements conformed to the charge set out in the warrant, they would be unnecessary, and if they contradicted them, they would be inadmissible upon a familiar rule protecting a writing against change, or variation by parol. There is authority to the effect, that in a case where one is sued for malicious prosecution, he may be allowed to prove that the fact stated by him to the magistrate only made a case of trespass, and the magistrate upon his own judgment issued a warrant for crime.
No such case is presented here. The first overruled question was, “ what Armstrong said about the matter at the time he procured the warrant,” and the second, “what he said in explanation of his conduct,” at that time. It has been permitted to prove the testimony of the defendant himself given on the criminal prosecution, as to facts peculiarly within his own knowledge. He was then subject to cross-examination, and in the presence of a Court. This would be going much further. 2 Greenl, Ev. 457.
2d, The defendant was not allowed to prove the general character of J. N. Stephens for honesty. The object of this was, as it is said, to cast a suspicion upon the plaintiff, because of his bad asso *113 ciation, 'and thereby strengthen the defense that Armstrong acted upon probable canse, or reasonable belief of the guilt of plaintiff in commencing the prosecution. This evidence was properly rejected. It -would be straining too hard for circumstances in justification.
Grogan could not in any way be prejudiced by the bad character of Stephens, although he may have employed him, or been connected with him, in killing hogs.
No case on the subject of character has gone to this extent.
Armstrong was not allowed to prove that “the hogs killed by Grogan and Stephens were generally reported and believed to be the Poindexter hogs, sold by him to Ohowning,” and by the latter, to the-defendant, below.
The form of the question was then changed,- and the proposition was to prove that “the hogs killed by Grogan and Stephens were generally reported and believed to be the Armstrong hogs.” This evidence was inadmissible. In West vs. Walker, 2 Swan, 34, it was held that a defendant in an action of slander, might prove in mitigation of damages, “that it was generally reported and believed the words were true.”
But here, the proposition was to prove that the hogs were generally believed to be Armstrong’s, not that the crime of larceny had been committed, as in the case cited. It was an effort to establish ownership by report. If that fact was important for any purpose it would only be proved by direct evidence, not by report. The fact that it was generally believed that the person prosecuted was guilty of the crime imputed, would certainly tend to sustain the ground of defense, that reasonable or probable cause existed for the prosecution, *114 but the ownership of the property stolen, is a fact that cannot be thus established.
There are some other questions made upon the rulings of the Court, of which it is sufficient to say that they have been considered, and are not regarded as constituting grounds for a new trial,
Judgment affirmed.